IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DOROTHY JEAN GILLARD                                                                      PLAINTIFF

vs.                                                Civil No. 4:09-cv-04134

MICHAEL J. ASTRUE                                                                         DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Dorothy Jean Gillard ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed applications for SSI and DIB on August 17, 2006.  (Tr. 11, 101-108).  Plaintiff alleged she was disabled due to asthma, an enlarged heart, high blood pressure, depression, right foot pain, and lower back pain.  (Tr. 121).  Plaintiff alleged an onset date of June

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

1

14, 1998.² (Tr. 11, 101, 104). These applications were initially denied on February 21, 2007 and were denied again on reconsideration on June 15, 2007. (Tr. 55-57). On August 15, 2007, Plaintiff requested an administrative hearing on her applications. (Tr. 72). This hearing request was granted, and a hearing was held on October 23, 2008 in Texarkana, Arkansas. (Tr. 25-53). Plaintiff was present and was represented by counsel, Charles Barnett, at this hearing. *Id.* Plaintiff, two witnesses, and Vocational Expert ("VE") Dr. Vance Sales testified at this hearing. *Id.* On the date of the hearing, Plaintiff was fifty-six (56) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008), and had completed the eleventh grade in high school.³ (Tr. 26).

On June 10, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for disability benefits. (Tr. 11-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2000. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 14, 1998, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: asthma, chronic obstructive pulmonary disorder (COPD), osteoarthritis, uncontrolled hypertension, back pain, shoulder pain, major depressive disorder, and alcohol abuse. (Tr. 13,

---

² One of Plaintiff's applications actually references an alleged onset date of December 15, 1995. (Tr. 101). The ALJ, however, found Plaintiff's alleged onset date to be June 14, 1998. (Tr. 11). Based upon the briefing of the Parties, this issue does not appear to be in dispute. ECF Nos. 8-9. Thus, this Court will not address this issue further.

³ On her alleged onset date of June 14, 1998, Plaintiff only qualified as a "younger person" under 20 C.F.R. § 404.1563(c). In his decision, the ALJ found Plaintiff qualified as a "younger person" when he determined Plaintiff was not disabled. (Tr. 23, Finding 7). Plaintiff did not raise the evaluation of her age as an issue in the briefing and did not raise the issue of whether she should have been found to be a "person of advanced age" rather than a "younger person" in this disability determination. ECF No. 8. Thus, this Court will not address this issue further and will presume the ALJ properly found Plaintiff should have been considered a "younger person" for purposes of this disability determination.

Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 14-15, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not fully credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift-carry and push-pull up to 50 pounds occasionally and 25 pounds frequently, with the ability to sit 6 hours total in an 8-hour workday and the ability to stand and/or walk 6 hours in an 8-hour workday as defined in 20 CFR 404.1567(c) and 416.967(c). Furthermore, the claimant has the mental capacity to perform work where interpersonal contact is incidental to the work performed, and where tasks/work performed are no more complex than those learned by rote with few variables and little judgment required. She would also require work under supervision that is simple, direct, and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ determined Plaintiff's PRW included work as a Certified Nurse's Assistant ("CNA"). *Id.* Based upon her RFC and the testimony of the VE, the ALJ found Plaintiff would be unable to perform this PRW. *Id.* Next, the ALJ determined whether Plaintiff, with her limitations, would be able to perform other work existing in significant numbers in the national economy. (Tr. 23-24, Finding 10). In order to make that determination, the ALJ heard testimony from the VE. (Tr. 23-24, 45-53). Based upon this testimony, the ALJ determined Plaintiff could perform a significant number

3

of other jobs existing in the national economy, considering her age, education, past work experience, and RFC. *Id.* Examples of these jobs include the following: (1) light cleaner with approximately 7,000 such jobs in Arkansas and 900,000 such jobs in the nation; and (2) laundry worker I or II with 1,200 such jobs in Arkansas and 140,000 such jobs in the nation.[4] (Tr. 24-25). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 14, 1998 through the date of the ALJ's decision or through June 10, 2009. (Tr. 24, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-6). *See* 20 C.F.R. § 404.968. On November 16, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On December 21, 2009, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on January 4, 2010. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

---

[4] In his opinion, the ALJ did not specify the exertional or skill level of this work. (Tr. 23-24). It appears, however, based upon the opinion that all of this work is unskilled, medium-level work. *Id.*

4

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ's RFC determination is not supported by substantial evidence in the record; (2) the ALJ's assessment of Plaintiff's transferrable job skills was improper; (3) the ALJ improperly found Plaintiff could perform other work existing in significant numbers in the national economy; and (4) the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8. In her briefing, however, Plaintiff only provides substantive argument on the first issue. *Id.* Because Plaintiff only provided substantive briefing on the first issue, this Court will only address Plaintiff's first argument for reversal: whether the ALJ's RFC determination is supported by substantial evidence. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (finding an argument could be rejected "out of hand" where the claimant provided "no analysis of the relevant law or facts" regarding the argument at issue).

A claimant's RFC is what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545. The ALJ has the responsibility to determine a claimant's RFC based upon all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *See Tellez v. Barnhart,* 403 F.3d 953, 957 (8th Cir. 2005). The claimant, however, has the burden to prove his or her RFC. *See Baldwin v. Barnhart,* 349 F.3d 549, 556 (8th Cir. 2003).

Plaintiff claims the ALJ's mental and physical RFC determinations are not supported by substantial evidence in the record. ECF No. 8. In support of her claim, Plaintiff first references

6

medical records that date prior to her alleged onset date of June 14, 1998. ECF No. 8 at 2. Since they predate Plaintiff's alleged onset date, these records will not be addressed in this opinion. As for the other medical records Plaintiff references in her briefing, this Court will first address those records related to the ALJ's mental RFC determination and then address those records related to the ALJ's physical RFC determination.

As an initial matter, however, there are two medical records Plaintiff relies upon in her briefing to establish her disability that are provided in a "checklist" or "opinion letter" format. One of these records is dated February 2, 2007 and provides in a checklist format findings of moderate difficulty in maintaining social functioning and in maintaining concentration, persistence, and pace. (Tr. 379). There is no further explanation as to these findings. *Id.* Such vague findings are entitled to little or no weight. *See Gilliam v. Califano,* 620 F.2d 691, 693 (8th Cir. 1980) (holding that such checklist forms are admissible but are entitled to "little weight in the evaluation of disability") (citation omitted). Thus, the ALJ did not err by assigning these findings little or no weight.

The other record is not dated but is from Ms. Lynn Freeman, P.A. from the Harbin Medical Clinic in Stamps, Arkansas. (Tr. 406). This record provides as follows:

TO WHOM IT MAY CONCERN:

RE: Dorothy Gillard

This individual is disabled from gainful employment due to the following:
Congestive Heart Failure (enlarged and weakened heart) #428.0.
Hypertension (high blood pressure) #401.9.
–Uncontrolled.
Depression #311.
Pain, low back (worsening) #724.2.
Hypokalemia (low blood potassium) #276.8.
–Uncontrolled.

Asthma (airway constrictions) #493.90.

7

> Specific activities prohibited: Lifting (+). Stooping (+). Bending (+).
> Repetitive motion__. Prolonged sitting (+). Prolonged standing (+).
> Climbing stairs or ladders (+). Gripping ___. Walking (+). Traveling ___.
> Key:    (+) = unable
>          __ = able without limitation
>          (-) able with some difficulty

(Tr. 406).

There are two problems with this opinion letter by Ms. Freeman. First, as an opinion letter without any supporting treatment records, the information contained in it is entitled to little or no weight. *See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that even a treating physician's opinion may be given limited weight "if the opinion consists only of conclusory statements") (citation omitted). Second, Ms. Freeman is a Physician's Assistant ("P.A.") and is not an acceptable source for establishing a disability. *See* 20 C.F.R. § 404.1513(a) (listing the sources "who can provide evidence to establish an impairment"). Accordingly, this Court finds the ALJ did not err by assigning little or no weight to this opinion letter.

    A.    **Mental RFC Determination**

In support of her claim that her mental RFC is far more restricted than found by the ALJ, Plaintiff relies upon a mental status report from Dr. Betty Feir, Ph.D. (Tr. 321-327). In that report, Dr. Feir found during a one-time evaluation on September 26, 2006 that Plaintiff suffered from major depressive disorder and had a GAF score of 30. (Tr. 322-327). A GAF score of 30 is characterized by the following severe limitations:

> Behavior is considerably influenced by delusions or hallucinations OR serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) OR inability to function in almost all areas (e.g., stays in bed all day; no job, home, or friends).

*DSM-IV-TR* 34 (4th ed. 2000).

Dr. Feir's opinions are, however, the result of a one-time examination, and a subsequent

examination by Dr. Rafael F. Otero, Ph.D. conflicts with her findings. Dr. Otero examined Plaintiff on January 18, 2007. (Tr. 363-368). Dr. Otero found Plaintiff suffered alcohol induced mood disorder with depressive features and assessed her GAF as being 65. (Tr. 366). A GAF score of 65 is characterized by the following mild limitations:

> Some mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful relationships.

*DSM-IV-TR* 34 (4th ed. 2000).

Notably, Dr. Otero also found Plaintiff was "cautious in responses and left the impression of someone attempting to present themselves as disabled," Plaintiff "seemed to exaggerate the extent of debilitation of her somatic concerns," Plaintiff's "symptomatology . . . described was not consistent with what was generally reported," Plaintiff "appeared to not want to respond to inquiries," and Plaintiff appeared to exaggerate or malinger. (Tr. 363-368). Dr. Otero also found Plaintiff did not have two or more areas with significant limitation in adaptive functioning and did not have adaptive functioning consistent with a diagnosis of mental retardation. (Tr. 368).

Dr. Otero's evaluation is also consistent with Plaintiff's total lack of treatment for a mental impairment at any time since her alleged onset date of June 14, 1998. Indeed, Plaintiff has no history of seeking medical treatment from her alleged onset date of June 14, 1998 until October 10, 2008. On October 10, 2008, Plaintiff saw Dr. James Arrington, M.D. (Tr. 403-404). Even when Dr. Arrington examined Plaintiff on this date, he only noted a flat affect without any other psychiatric symptoms. *Id.* Plaintiff also did not even complain of any psychiatric symptoms. *Id.* A month later, on November 6, 2008, Dr. Arrington noted no psychiatric symptoms. (Tr. 400-401). Dr. Arrington's diagnoses on this date were uncontrolled hypertension, nicotine addiction, and alcohol

abuse. (Tr. 401). Therefore, the evidence of record is consistent with Dr. Otero's evaluation of only mild psychiatric symptoms, and the ALJ properly exercised his discretion in giving greater weight to Dr. Otero's assessment than Dr. Feir's assessment. *See Kirby v. Astrue,* 500 F.3d 705, 709 (8th Cir. 2007) (holding that it "is the function of the ALJ to weigh conflicting evidence and to resolve disagreements among physicians"). *See also Wagner v. Astrue,* 499 F.3d 842, 848 (8th Cir. 2007). Based upon this reasoning, this Court finds the ALJ did not err in assessing Plaintiff's mental RFC.

      **B.**      **Physical RFC Determination**

In support of her claim that her physical RFC is far more restricted than found by the ALJ, Plaintiff relies upon a general physical examination report dated October 16, 2006. (Tr. 343-351). This Court finds there are several problems with this report. First, Plaintiff claims this report "notes that Plaintiff does have a history of myocardial infraction." ECF No. 8 at 3. However, this statement is incorrect. This report actually states that Plaintiff "does *not* have a history of a previous myocardial infraction." (Tr. 343) (emphasis added). Second, Plaintiff claims that "listed in the report are the following alleged impairments: Asthma, Enlarged Heart, HBP, Depression, Rt Foot Pain, and Lower Back Pain." ECF No. 8 at 3. These "listed" impairments are, however, only Plaintiff's "alleged impairments" and are not diagnoses from this report. (Tr. 343).

Third and finally, Plaintiff notes the two actual diagnoses from this report: uncontrolled hypertension and chronic dyspnea. (Tr. 351). Plaintiff indicates these diagnoses cause her to be disabled. ECF No. 8 at 3. As an initial matter, is it important to note that a diagnosis is not *per se* disabling. *See Trenary v. Bowen,* 898 F.2d 1361, 1365 (8th Cir. 1990) (holding that the ALJ properly considered the evidence regarding the functional limitations imposed by plaintiff's impairments, not the diagnoses). Instead, this Court must evaluate the *limitations* caused by these diagnoses. Notably, in examining functional limitations in this report, the physician examining

Plaintiff noted Plaintiff "did not have any limitation in the ability to walk, stand, sit, lift objects, carry objects. handle objects, hear or speak." (Tr. 351).  Accordingly, because this physician found Plaintiff had no functional limitations due to these two diagnoses, this Court finds the ALJ did not err by finding no such limitations, and based upon this reasoning, this Court finds the ALJ did not err in assessing Plaintiff's physical RFC.

**4.  Conclusion**

In accordance with the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this18th day of January, 2011.**

                                                          s/  Barry A. Bryant  
                                                          HON. BARRY A. BRYANT  
                                                          U. S. MAGISTRATE JUDGE